James Edward SANDERSFIELD,
Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–77–237.

Court of Criminal Appeals of Oklahoma.

Aug. 15, 1977.

Rehearing Denied Sept. 7, 1977.

Coy H. McKenzie, Norman, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

OPINION

PER CURIAM:

Appellant, James Edward Sandersfield, hereinafter referred to as defendant, was charged, tried to the court, and convicted in the District Court, Cleveland County, Case No. CRM–76–1609, for the offense of Assault and Battery Upon a Police Officer, in violation of 21 O.S.1971, § 649. The defendant was sentenced to serve a term of three (3) months in the County Jail, all but ten (10) days of said sentence being suspended, and to pay a fine in the amount of Two Hundred ($200.00) Dollars. From said judgment and sentence the defendant has perfected his timely appeal to this Court.

The testimony adduced at trial reveals the following facts. Dave Thompson, owner and operator of the Dynamo Depot, a recreation center where the altercation at issue occurred, stated that on October 10, 1976, at approximately 12:30 a. m., several boys, including the defendant, were in his establishment when the witness noticed one of the boys trip a customer. When the boys left the building, Mr. Thompson followed them outside and asked them to leave the premises. When a few of the boys began to taunt and jeer at Mr. Thompson he directed one of his employees to call the police. Up to this point, the witness stated that the defendant had not been involved with the other boys and was merely minding his own business.

After an officer arrived and Mr. Thompson explained to him what had occurred, the officer approached the group of boys to question them. The witness observed the

officer attempt to arrest two of the individuals in the group, however, both subjects struggled and fought with the officer while he was attempting to arrest them. During this struggle the witness noticed that the defendant, along with several individuals in the group, "were walking back and forth," within approximately four to five feet of the officer. During the arrest the witness heard the officer instruct the boys standing around the squad car to "stand back." The witness did not hear the defendant say anything to the officer during the arrest of the two subjects. After the officer placed the two subjects into the patrol car, the witness observed the officer approach the defendant and tell him he was under arrest for obstructing an officer. The defendant then put his hands behind his back to be cuffed, but before the officer could accomplish this the witness heard the defendant say, "If I'm going to jail, then I might as well as given you a fucking reason." At this point the defendant turned and struck the officer in the face. The officer and the defendant wrestled to the ground, whereupon several other squad cars arrived and another officer came up to assist in restraining the defendant. The witness then observed the officers handcuff the defendant and place him into a squad car.

Tom Bramlett, the arresting officer, was next called to testify for the State. His testimony was not substantially different from that of Mr. Thompson. However, as to the defendant's actions during the altercation with the two other subjects, the officer stated that he felt the defendant was interfering with the process of his duties:

"Because he was pacing back and forth behind me as I was making my arrest, and yelling obscenities, and he had violence in his words. And at that time I felt that I had to keep my eyes on him, that he was walking behind me while I was making an arrest on this subject."

Mark Boyd, the officer who assisted Officer Bramlett in restraining the defendant, was then called to testify. Officer Boyd testified that upon being informed by radio that Officer Bramlett needed assistance, he proceeded to the Dynamo Depot in Norman. Upon arrival there he observed the defendant and Officer Bramlett "on the ground fighting." As the officer approached the scene he ordered the defendant to turn loose of the officer's throat. When the defendant did not respond, Officer Boyd "whacked him [defendant] on the shoulder with the flashlight." The defendant then released Officer Bramlett, and the witness handcuffed the defendant and placed him in the squad car. Following the presentation of the foregoing testimony, the State rested its case.

The defendant's demurrer to the evidence, which was interposed at this time, was overruled.

In presenting the case for the defense, the defendant was the only witness called to testify. He stated that he and several friends were in the Dynamo Depot on the night in question, and that after leaving the establishment he went outside and sat in his car. While he was seated in his car he noted a police squad car arrive at approximately 12:45 a. m. When the officer arrived, the defendant observed him talking to the owner of the recreation center. After this conversation the officer approached a subject in the parking lot and inquired as to his age. When the subject informed the officer that he was sixteen, the officer placed him under arrest for violation of the Norman curfew. Upon hearing this the defendant informed the officer, "He ain't sixteen, he's eighteen." This statement proved later to be correct. The defendant further testified that the only other statement he made to the officer during the arrest of the other subject was, "If you're going to treat him like a dog, put a chain on him." However, the defendant did state that other people there were yelling at, and cursing, the officer. The defendant stated that he never got between the officer and the other subjects during the altercation, nor did he come closer than two feet from the officer.

After the officer had the other subjects in the squad car he approached the defendant, and the witness related the subsequent events as follows:

"I was standing there and he said, 'You're under arrest.' I said, 'What for?' He said, 'Interfering with a police officer.' He drug me from the car I was leaning against and threw me up against the police car, swung me around and I lost my glasses. And he pulled my arm back, I was about to break it. That's when I hit him."

On cross-examination the defendant admitted that he had previously been convicted of transportation of a stolen vehicle and burglary.

Following the defendant's testimony the defense rested its case.

On appeal the defendant asserts two assignments of error. First, he argues that the trial court erred in overruling the defendant's demurrer to the evidence insofar as the evidence was insufficient to establish the crime charged. Title 21 O.S.1971, § 649, reads as follows:

"Every person who, without justifiable or excusable cause, knowingly commits any assault, battery, or assault and battery upon the person of a police officer or other officer of the law while in the performance of his duties as a police officer is punishable by imprisonment in the county jail not exceeding six (6) months, or by a fine not exceeding Five Hundred Dollars ($500.00), or by both such fine and imprisonment."

■ The evidence adduced in the case at bar is overwhelming. The prosecution established all essential elements of the crime charged. Further, the defendant himself admitted striking and wrestling with the officer. However, as the assault and battery arose out of an initial arrest for interfering with the process of a police officer, this Court must consider all the facts and circumstances arising from the altercation. It is the general rule that one may reasonably resist an unlawful arrest. *Morrison v. State*, Okl.Cr., 529 P.2d 518 (1974); *Walters v. State*, Okl.Cr., 403 P.2d 267 (1965). But, the right to resist an unlawful arrest is limited and varies with the circumstances. *Davis v. State*, 53 Okl.Cr. 411, 12 P.2d 555 (1932). Assuming arguendo, that the arrest of the defendant for interfering with the process of a police officer was unlawful, the defendant would have had the right to resist. However, considering the circumstances surrounding the incident and the statement by the defendant to the effect that, "If I'm going to jail, then I might as well as given you a fucking reason," the pretext for the defendant striking the officer appears to be more in the nature of retribution or spite, rather than an honest and good faith attempt to resist an unlawful arrest, as the defendant perceived it. Upon a close examination of the entire record, this Court is of the opinion that the defendant's demurrer to the evidence, more properly termed a motion for directed verdict, was correctly overruled as there was sufficient evidence presented by the State to prove a prima facie case of the crime charged. *Reams v. State*, Okl.Cr., 551 P.2d 1168, 1170 (1976).

■ As defendant's second assignment of error he asserts that the trial court erred in its assessment of punishment in that the punishment imposed by the judgment and sentence was excessive. The penalty provided for under 21 O.S.1971, § 649, is imprisonment in the county jail not exceeding six (6) months or by a fine not exceeding Five Hundred ($500.00) Dollars, or both. The sentence imposed in the case at bar was three (3) months in the county jail with all but ten (10) days suspended, and a fine of Two Hundred ($200.00) Dollars. The sentence imposed is well within the bounds set by statute. This court, after a thorough study of all the facts and circumstances, cannot say that the sentence imposed is so excessive as to shock the conscience of the Court. *Hall v. State*, Okl.Cr., 548 P.2d 649 (1976). Therefore, this assignment of error is without merit.

For the foregoing reasons the judgment and sentence appealed from is *AFFIRMED*.