In the Matter of the WELFARE
OF Scott BURNS.

No. 49467.

Supreme Court of Minnesota.

June 22, 1979.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, David B. Orfield and Steven C. Eggimann, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Division, and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

v.

**Arlan Dwayne ANDERSON, Appellant.**

**No. 49067.**

Supreme Court of Minnesota.

June 22, 1979.

KELLY, Justice.

This is an appeal from an order of the Hennepin County District Court, Juvenile Division, determining after a hearing that appellant, a 17-year-old juvenile, assaulted two police officers and interfered with them in the performance of their official duties. Appellant contends that his conduct was justified as being a reasonable response to an illegal search by St. Louis Park Police Officers conducting an investigation of an automobile accident in which he was involved. We hold otherwise and affirm.

The accident rendered appellant's automobile inoperable. Since the vehicle was blocking a lane of traffic, the police, acting in accordance with department policy, ordered a tow. After letting appellant remove any valuables which he wanted to take with him, the officers approached the vehicle for the purpose of entering it and taking an inventory, pursuant to a St. Louis Park Ordinance (Section 3:136.4). Upon opening the door, the officers smelled the odor of burned marijuana, which prompted them to begin a search for marijuana. At this point appellant protested and, when the officers tried to search him, he resisted.

Appellant's contention is that the police acted unlawfully in trying to search him and his automobile, and that this justified forcible resistance. We need not reach the issue of the legality of the police conduct in trying to search appellant or his automobile. As we stated in *State v. Hoagland*, 270 N.W.2d 778, 780 (Minn.1978), Minnesota law does not recognize a defendant's right to resist a search which he feels is illegal because "Legal safeguards are available to our citizens to protect them from unlawful search and seizure."

Affirmed.