COMMONWEALTH vs. FREDERICK R. MOREIRA.

Middlesex. January 5, 1983. — March 29, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Assault and Battery. Arrest. Police,* Unlawful arrest.

Review of the origins of the common law rule regarding a person's right to use force to resist an unlawful arrest, and the development, by decisions and statutes, of the modern view departing therefrom. [599-600]

Although agreeing with the Appeals Court's determination that the defendant in a criminal case was entitled to a jury instruction respecting his common law right to resist forcibly an unlawful arrest, this court abrogated the rule it established in *Commonwealth* v. *Crotty,* 10 Allen 403 (1865), and henceforth will apply the rule that in the absence of excessive or unnecessary force by an arresting officer, a person may not use force to resist an arrest by one who he knows or has good reason to believe is an authorized police officer, engaged in the performance of his duties, regardless of whether the arrest was unlawful in the circumstances [601-602], but that, where the officer uses excessive or unnecessary force to effect an arrest, whether lawful or unlawful, the arrestee may defend himself by employing such force as reasonably appears to be necessary [602].

INDICTMENT found and returned in the Superior Court Department on September 30, 1980.

The case was tried before *Hayes,* J., a District Court judge sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Judith M. Freedman* for the defendant.

*Kevin J. Ross,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. After a jury trial in the Superior Court, the defendant was convicted of assault and battery on one Joseph P. Munroe, a Somerville police officer, and he appealed. The Appeals Court reversed the judgment and ordered a new trial on the basis of the trial judge's erroneous

instructions with respect to the defense of justification.  14 Mass. App. Ct. 909, 911 (1982).  We granted further appellate review to resolve the issue of a person's right to resist an unlawful arrest.

There was evidence which would allow the jury to find that the police had probable cause to stop the defendant and his companions to inquire into their possession of a handgun on a public street late at night.  This would have occurred outside the defendant's home if the defendant had not pushed Officer Munroe into the house, where he assaulted the officer.  This evidence was sufficient to support a conclusion that the officer's entry into the defendant's house was involuntary and, therefore, lawful, and that the defendant was without justification to resist, or aid another in resisting a police investigation.  This evidence would support a conviction of assault and battery.

There was also evidence presented by the defendant which would warrant the jury in finding that the defendant was with his brother and other companions at a street corner when his brother observed the police approaching.  The defendant, his brother, and a friend drove in the brother's van to the defendant's home a few blocks away.  The defendant entered his house, went to the kitchen, took some ice out of the freezer and placed it on the table.  He then returned to the front door where his friend handed him a bottle of vodka which he put in the kitchen sink.  When the defendant returned to the front door, the two police officers pushed the defendant's brother and friend aside, and Officer Munroe burst into the house, striking the defendant and sending him violently to the floor.  The defendant retaliated, striking Munroe twice with his fists.  When Munroe kicked the defendant in the knee, the defendant punched the officer again, hit him with a wrench, and was pushed into the living room and struck with a billy club.  The defendant denied striking Munroe with a wrench.  The gun which the defendant allegedly had in his possession was not found.  This evidence, if believed, would warrant the jury in concluding that the police made an unlawful entry

into the defendant's home. *Commonwealth* v. *Huffman*, 385 Mass. 122, 125-127 (1982).

Although the defendant requested that the judge instruct the jury as to the defendant's right to resist an unlawful police intrusion into his home, *Commonwealth* v. *Crotty*, 10 Allen 403, 405 (1865), the judge did not so instruct the jury. The defendant, likewise, requested that the judge instruct the jury that they should consider whether the police had a reasonable basis for believing that the defendant was engaged in the commission of a felony and, thus, whether the police officers' conduct was lawful. The judge declined to give such an instruction.

The Appeals Court concluded that the judge's instructions "had the effect of usurping the jury's fact-finding function on the issue of the lawfulness of the police conduct and, therefore, served to deprive the defendant of a substantial ground of his justification defense." *Commonwealth* v. *Moreira*, 14 Mass. App. Ct. 909, 911 (1982). On this basis, the Appeals Court reversed the conviction. We agree with that disposition.[1]

We granted the Commonwealth's application for further appellate review to resolve the issue of a person's right to use force to resist an unlawful arrest. In *Regina* v. *Tooley*, 2 Ld. Raymond Rep. 1296, 1299-1301 (Q.B. 1709), it was held that a person had the right to use force to resist an unlawful arrest. The court declared, "[I]f one be imprisoned upon an unlawful authority, it is a sufficient provocation to all people out of compassion; much more where it is done under a colour of justice, and where the liberty of the subject is invaded, it is a provocation to all the subjects of *England." Id.* at 1301. In 1865, we held that a person had the right to resist forcibly an unlawful arrest. *Commonwealth* v. *Crotty, supra.* Accord *Commonwealth* v.

---

[1]We also agree with the Appeals Court's suggestions to the judge and the prosecutor about the proper questions to be asked of prospective jurors, G. L. c. 234, § 28, and proper prosecutorial conduct. See *Commonwealth* v. *Moreira*, 14 Mass. App. Ct. 909, 911 (1982).

*Certain Intoxicating Liquors,* 105 Mass. 178, 181 (1870). Upon review of this area of the law, we conclude that this rule is no longer consistent with the needs of modern society and should be abrogated.

We note that the trend in this country has been away from the old rule and toward the resolution of disputes in court.[2] Since 1709, society has changed. In this era of con-

[2]See *Miller* v. *State,* 462 P.2d 421, 427 (Alaska 1969); *State* v. *Hatton,* 116 Ariz. 142, 147-148 (1977); *State* v. *Richardson,* 95 Idaho 446, 451 (1973), cert. denied, 414 U.S. 1163 (1974); *State* v. *Thomas,* 262 N.W.2d 607, 610-611 (Iowa 1978); *State* v. *Austin,* 381 A.2d 652, 655 (Me. 1978); *Matter of the Welfare of Burns,* 284 N.W.2d 359, 360 (Minn. 1979); *State* v. *Nunes,* 546 S.W.2d 759, 762 (Mo. Ct. App. 1977); *State* v. *Koonce,* 89 N.J. Super. 169, 183-184 (1965); *State* v. *Doe,* 92 N.M. 100, 102-103 (1978); *Columbus* v. *Fraley,* 41 Ohio St. 2d 173, 179-180, cert. denied, 423 U.S. 872 (1975); *State* v. *Blaine,* 133 Vt. 345, 348 (1975). But see *Brooks* v. *State,* 144 Ga. App. 97, 100 (1977) (person may use force to resist unlawful arrest only to extent necessary to prevent arrest); *State* v. *Goering,* 193 Kan. 307, 312 (1964) (person may not use more force than is necessary to escape); *Jenkins* v. *State,* 232 Md. 529, 534 (1963) (same); *People* v. *Krum,* 374 Mich. 356, 361, cert. denied, 381 U.S. 935 (1965) (person may use such force as is necessary to resist unlawful arrest); *Smith* v. *State,* 208 So. 2d 746, 747 (Miss. 1968) (person has right to use reasonable force to resist unlawful arrest); *State* v. *Sanders,* 295 N.C. 361, 367 (1978) (person may resist unlawful arrest only by such force as appears to be necessary); *Sandersfield* v. *State,* 568 P.2d 313, 315 (Okla. Crim. App. 1977) (within limits dictated by circumstances of case, person may reasonably resist unlawful arrest); *State* v. *DeBerry,* 250 S.C. 314, 320 (1967), cert. denied, 391 U.S. 953 (1968) (person may use such force as is necessary to prevent unlawful arrest); *Shelton* v. *State,* 460 S.W.2d 869, 874 (Tenn. Crim. App. 1970) (person may use such force as is proportionate to efforts of police officer); *State* v. *Rousseau,* 40 Wash. 2d 92, 94-96 (1952) (in resisting unlawful arrest person may use reasonable force proportionate to the injury attempted); *State* v. *Gum,* 68 W. Va. 105, 109 (1910) (person may use such force as is necessary to effectuate escape). We also note that some legislatures have abrogated the common law rule. See Ala. Code § 13A-3-28 (1982); Ark. Stat. Ann. § 41-512 (1977); Cal. Penal Code § 834a (Deering 1971); Colo. Rev. Stat. § 18-8-103(2) (1978); Conn. Gen. Stat. § 53a-23 (1981); Del. Code Ann. tit. 11, § 464(d) (1979); Fla. Stat. § 776.051(1) (1976); Ill. Stat. Ann. ch. 38, § 7-7 (Smith-Hurd 1972); Iowa Code § 804.12 (1980); Mont. Code Ann. § 45-3-108 (1981); Neb. Rev. Stat. § 28-1409(2) (1979); N.H. Rev. Stat. Ann. § 594.5 (1974); N.Y. Penal Law § 35.27 (McKinney 1975); Or. Rev. Stat. § 161.260 (1981); 18 Pa. Cons. Stat. § 505(b)(1), (2) (Purdon 1973); R.I. Gen. Laws § 12-7-10 (1981); S.D. Comp. Laws Ann. § 22-11-5

stantly expanding legal protection of the rights of the accused in criminal proceedings, an arrestee may be reasonably required to submit to a possibly unlawful arrest and to take recourse in the legal processes available to restore his liberty. *State* v. *Koonce,* 89 N.J. Super. 169, 183-184 (1965). *State* v. *Richardson,* 95 Idaho 446, 450-451 (1973), cert. denied, 414 U.S. 1163 (1974). An arrestee has the benefit of liberal bail laws, appointed counsel, the right to remain silent and to cut off questioning, speedy arraignment, and speedy trial. *State* v. *Richardson, supra* at 450. *Columbus* v. *Fraley,* 41 Ohio St. 2d 173, 179 cert. denied, 423 U.S. 872 (1975). As a result of these rights and procedural safeguards, the need for the common law rule disappears — self-help by an arrestee has become anachronistic. *People* v. *Curtis,* 70 Cal. 2d 347, 353 (1969). *Matter of the Welfare of Burns,* 284 N.W.2d 359, 360 (Minn. 1979). As the New Jersey court wrote, self-help "is antisocial in an urbanized society." *State* v. *Koonce, supra* at 184.

Thus, the modern view, adopted by eleven States by judicial decision, and by nineteen States by legislative enactment, emerges: a person may not resist an unlawful arrest which is accomplished without excessive force. See note 2, *supra.* If a police officer is making an illegal arrest, but without excessive force, the remedy is to be found in the courts. *Miller* v. *State,* 462 P.2d 421, 426 (Alaska 1969). The legality of an arrest may often be a close question as to which even lawyers and judges may disagree. Such a close question is more properly decided by a detached magistrate rather than by the participants in what may well be a highly volatile imbroglio. *State* v. *Hatton,* 116 Ariz. 142, 148 (1977). *State* v. *Koonce, supra* at 183-184. *Miller* v. *State, supra.* As the Alaska court wrote in the *Miller* case, "We feel that the legality of a peaceful arrest should be determined by courts of law and not through a trial by battle in the streets." *Id.* at 427.

(1978); Tex. Penal Code §§ 9.31(b)(2), 38.03 (Vernon 1974); Va. Code § 18.2-460 (1982). See also Ky. Rev. Stat. § 520.090 (1975); Model Penal Code § 3.04(2)(a)(i) (1974).

Accordingly, we conclude that in the absence of excessive or unnecessary force by an arresting officer, a person may not use force to resist an arrest by one who he knows or has good reason to believe is an authorized police officer, engaged in the performance of his duties, regardless of whether the arrest was unlawful in the circumstances. See *Columbus* v. *Fraley, supra* at 180. We shall no longer follow cases in this Commonwealth to the contrary on this issue. This principle is to be applied to incidents occurring after the date of this decision. Thus, the rule that we announce today is not to be applied in a new trial of this case. *Commonwealth* v. *Barnes,* 369 Mass. 462, 468 (1976). "It is uniformly recognized that it would be fundamentally unjust to render criminal, by an overruling decision, conduct which was not criminal when it occurred. This would be equivalent in effect on the accused of an *ex post facto* statute." *State* v. *Koonce; supra* at 185. Cf. *Stokes* v. *Commonwealth,* 368 Mass. 754, 765-769 (1975); *Breed* v. *Jones,* 421 U.S. 519, 533-541 (1975).

Our conclusion does not apply to cases in which the police officer uses excessive force in his attempt to subdue the arrestee.[3] In such a situation, the disposition of the case depends on the application of the rules pertaining to self-defense. Thus, we conclude that where the officer uses excessive or unnecessary force to subdue the arrestee, regardless of whether the arrest is lawful or unlawful, the arrestee may defend himself by employing such force as reasonably appears to be necessary. See, e.g., *Gray* v. *State,* 463 P.2d 897, 908 (Alaska 1970); *People* v. *Curtis,* 70 Cal. 2d 347, 356 (1969); *Ivester* v. *State,* 398 So. 2d 926, 930 (Fla. Dist. Ct. App. 1981); *People* v. *Bailey,* 108 Ill. App. 3d 392, 398 (1982); *State* v. *Nunes,* 546 S.W.2d 759, 762 (Mo. Ct. App. 1977); *People* v. *Castle,* 48 Or. App. 15, 19

---

[3] Accord *People* v. *Bailey,* 108 Ill. App. 3d 392, 398 (1982); *State* v. *Nunes,* 546 S.W.2d 759, 762 (Mo. Ct. App. 1977); *State* v. *Bear Runner,* 198 Neb. 368, 375 (1977); *State* v. *Mulvihill,* 57 N.J. 151, 156 (1970); *State* v. *Crane,* 46 Or. App. 547, 553 n.3 (1980); *State* v. *Gelinas,* R.I.     , (1980) (417 A.2d 1381, 1385 [R.I. 1980]).

(1980); *State* v. *Tavarozzi,*      R.I.      ,      (1982) (446 A.2d 1048, 1051 [R.I. 1982]). Moreover, once the arrestee knows or reasonably should know that if he desists from using force in self-defense, the officer will cease using force, the arrestee must desist. Otherwise, he will forfeit his defense. *State* v. *Mulvihill,* 57 N.J. 151, 157 (1970).

The questions whether the officer used excessive force and whether the arrestee used reasonable force to resist the excessive force are questions of fact to be resolved by the jury on proper instruction by the trial judge. Application of this rule will not require that the arrestee act in a manner commensurate with such action as would follow detached and reasoned reflection. *Id.* Some recognition must be given to the frailty of human nature. The rule merely requires the finder of fact to determine whether the arrestee's conduct was reasonable in light of all the circumstances. *Id.*

In summary, we conclude that in the absence of excessive force by the arresting officer, an arrestee is not privileged to use force to resist an unlawful arrest if the arrestee knows or reasonably believes that the arresting officer is an authorized police officer. However, where the arresting officer uses excessive force in his attempt to subdue the arrestee, the arrestee has the right to use such force as is reasonably necessary to repel such excessive force.

*Conclusion.* As to the defendant in the case before us, we agree with the decision of the Appeals Court on all other issues discussed.

*Judgment of the Superior
Court reversed.*

*Verdict set aside.*