The defendant had been charged by complaint with a second or subsequent offense of operating a motor vehicle while under the influence of intoxicating liquor, disorderly conduct, and two counts of assault and battery on a police officer. After an evidentiary hearing, the defendant's motion to suppress was denied. Thereafter, a single justice of the Supreme Judicial Court granted the defendant leave to appeal the order denying the motion to suppress, and the matter was reported to this court. We affirm.
The defendant claims the motion judge erred in denying the motion to suppress because the police were not justified in issuing an exit order and that there was no probable cause to arrest her. We disagree.
Although the motion judge concluded that probable cause to arrest the defendant did not exist at the time of the exit order, we note that contrary to the defendant's claim, probable cause is not required to justify an exit order. There are three bases upon which an exit order issued to a passenger in a vehicle may be justified: (1) an objectively reasonable concern for the safety of the officer or other persons, (2) reasonable suspicion that the passenger is engaged in criminal activity, or (3) pragmatic reasons, e.g., to facilitate an otherwise lawful search of the vehicle pursuant to the automobile exception to the warrant requirement. See Commonwealth v. Cruz, 459 Mass. 459, 466-467 (2011). Also, "it does not take much for a police officer to establish a reasonable basis to justify an exit order or search based on safety concerns." Commonwealth v. Gonsalves, 429 Mass. 658, 664 (1999). The test is an objective one, taking into consideration the "totality of circumstances." Id. at 665, quoting from State v. Smith, 134 N.J. 599, 618 (1994). See Commonwealth v. Goewey, 452 Mass. 399, 406-407 (2008).
Here, the police officer was justified in issuing an exit order to the defendant because of his reasonable suspicion, based on specific and articulable facts, that the defendant had been the operator of the car, that she was intoxicated, and she had fled the scene of an accident. To the extent the defendant was found in the passenger's seat when the police officer approached, and the 911 caller used masculine pronouns to describe the operator of the car, there was also evidence that the officer, as he approached the car, saw the defendant in the process of maneuvering over the center console, i.e., "switching" seats with the nonintoxicated male who had been in the passenger seat. The motion judge concluded as much when she noted in her findings that the officer "may have concluded that he had cause to order her out of the vehicle" in order to investigate "the defendant's seat maneuver" and her "apparent intoxication," and that she was likely "responsible for the described erratic operation." In addition, the car was seriously damaged, which was consistent with the 911 caller's report that it had been in an accident before the car fled the scene. Given these circumstances, the exit order was justified in order to permit the officer to make a threshold inquiry.[2]
Furthermore, when the defendant would not exit the car upon command, she began her assaultive behavior which culminated in her striking one of the officers. Having done so, the police had probable cause to arrest her for assault and battery on a police officer. Upon these facts, the defendant claims that she had the right to resist the officer's excessive use of force. However, there is no merit to this claim, as the motion judge made no finding that the officers used excessive force. Rather, the motion judge found that the officers were trying to "assist" the intoxicated defendant out of the car when the defendant became verbally abusive and physically combative. The defendant's actions were not lawful. See Commonwealth v. Moreira, 388 Mass. 596, 601 (1983) (defendant is not privileged to use force to resist arrest in absence of excessive force by arresting officer).
Order denying motion to suppress affirmed.

Also, as the motion judge determined, because the car was seriously damaged it had to be towed, and the police officers were justified in ordering the defendant to exit the car before it was towed. See Commonwealth v. Brinson, 440 Mass. 609, 615 (2003). It is of no moment that the defendant's companion arranged for a private company to tow the car, because the exit order preceded that occurrence.