NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-328

COMMONWEALTH

vs.

JOSEPH D. NASCIMENTO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of assault and battery on a police officer, in violation of G. L. c. 265, § 13D, and resisting arrest, in violation of G. L. c. 268, § 32B.  On appeal, he argues the evidence was insufficient to support his convictions.  We affirm.

Background.  We recite the facts the jury could have found, viewing the evidence in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).  On July 23, 2023, the arresting officer, Eric Boulay of the New Bedford police department, was on routine patrol when he received a call to assist other officers who were

investigating a possible restraining order violation. Officer Boulay was wearing a police uniform, including a vest marked with the word "police" on the back. When he arrived at the scene, Officer Boulay saw two other police officers approaching the defendant. While Officer Boulay did not hear what the other officers said to the defendant, he heard the defendant tell the two police officers, "Fuck you, no," and saw the defendant run away from the officers. Officer Boulay was aware that the defendant had allegedly violated a restraining order and that he had outstanding arrest warrants.

Officer Boulay pursued the defendant, grabbed hold of him, and tackled him to the ground. The defendant immediately began kicking, pushing, and punching, and he placed his hands in a locked position underneath his chest. Officer Boulay grabbed the defendant by the bicep, told him that he was under arrest for the outstanding warrants, and attempted to grab his hands and handcuff him. The defendant continued to fight Officer Boulay's attempts to handcuff him. Additional uniformed police officers arrived and attempted to pry the defendant's hands from underneath his body. The defendant continued to struggle and refused to release his arms, prompting Officer Boulay to warn the defendant that if he did not cooperate, he would use his taser and pepper spray. Officer Boulay administered the pepper spray and the taser, but the defendant continued to resist,

2

screaming profanities and telling the police officers that he was going to kill them.  Officer Boulay was able to take hold of one of the defendant's hands and place a handcuff on him, but when Officer Boulay attempted to grab the defendant's other hand, the defendant bit Officer Boulay's left hand.  To get his hand out of the defendant's mouth, Officer Boulay struck the defendant with a closed fist to the jaw area.  The defendant was then placed in handcuffs and arrested.

Discussion.  The defendant challenges the denial of his motions for required findings of not guilty made at the close of the Commonwealth's case and the close of all the evidence.  In evaluating the denial of a motion for a required finding of not guilty, we review the evidence in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'"  Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).

1.  Resisting arrest.  A defendant resists arrest when he "knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an

3

arrest" by either (1) "using or threatening to use physical force or violence against the police officer" or (2) "using any other means which creates a substantial risk of causing bodily injury" to the police officer. G. L. c. 268, § 32B (a), inserted by St. 1995, c. 276.[1] The crime of resisting arrest is "committed, if at all, at the time of the 'effecting' of an arrest." Commonwealth v. Grandison, 433 Mass. 135, 145 (2001), quoting G. L. c. 268, § 32B. Recently, in Commonwealth v. Manolo M., 496 Mass. 244 (2025), the Supreme Judicial Court reiterated that an arrest "occurs where there is (1) 'an actual or constructive seizure or detention of the person,' (2) 'performed with the intention to effect an arrest' and (3) 'so understood by the person detained.'" Id. at 264, quoting Grandison, supra at 145. As to the third element, "[t]he standard for determining whether a defendant understood that he

_____

[1] For purposes of the statute,

"[i]t shall not be a defense to a prosecution under this section that the police officer was attempting to make an arrest which was unlawful, if he was acting under color of his official authority, and in attempting to make the arrest was not resorting to unreasonable or excessive force giving rise to the right of self-defense. A police officer acts under the color of his official authority when, in the regular course of assigned duties, he is called upon to make, and does make, a judgment in good faith based upon the surrounding facts and circumstances that an arrest should be made by him."

G. L. c. 268, § 32B (b).

was being arrested is objective -- whether a reasonable person in the defendant's circumstances would have so understood." Commonwealth v. Grant, 71 Mass. App. Ct. 205, 208 (2008).[2]

The defendant contends that there was insufficient evidence to establish that he knew he was being placed under arrest or that his actions created a substantial risk of bodily injury. We are not persuaded. The defendant was seized once Officer Boulay tackled him to the ground and told him he was under arrest. Officer Boulay testified that he was aware that the defendant had outstanding warrants and intended to place him under arrest. Finally, and contrary to the defendant's claim that there was no clear communication that he was under arrest, Officer Boulay, who was wearing a police uniform, testified that he grabbed the defendant by the bicep and told the defendant that he was placing him under arrest for the outstanding warrants. Thus, all three elements of an arrest were present -- the defendant's seizure, Officer Boulay's intent to effect an arrest, and "an understanding by a reasonable defendant that he was under arrest." Grant, 71 Mass. App. Ct. at 210. In Grant, the Supreme Judicial Court held that the evidence was insufficient to support a conviction for resisting arrest where

---

[2] In fact, "it is not necessary that officers use the word 'arrest.'" Commonwealth v. Portee, 82 Mass. App. Ct. 829, 833 (2012).

5

the defendant initially fled from police but discontinued his flight and "offered no physical resistance" once police cornered him and told him to get on the ground. Id. Here, unlike Grant, the defendant's continued resistance and attempts to fight with officers after Officer Boulay clearly communicated that he was under arrest for outstanding warrants were sufficient to support a conviction.

The fact that the defendant was later acquitted of the charge of violation of a restraining order is of no moment, especially here where the defendant had outstanding arrest warrants. The relevant inquiry is not whether the defendant could succeed on a motion to suppress or be found not guilty at trial. "Rather, the proper focus is whether, at the time of the interaction, the officer, acting under color of authority, arrested the defendant, and whether the defendant resisted that arrest with force or violence or a means creating a substantial risk of causing bodily injury to the officer."[3] Commonwealth v. Lender, 66 Mass. App. Ct. 303, 352-353 (2006).

---

[3] Because we have found that the evidence supports the inference that the defendant used physical force in resisting arrest, we need not address his claim that his actions of running away from the police did not create a substantial risk of causing bodily injury to the officers. While case law supports the defendant's contention that running away from the police does not amount to resisting arrest, the defendant did more than simply run after it was clear he was under arrest. He stiffened his arms under his body to prevent the officers from

6

2.  Assault and battery on a police officer.  The defendant further contends that the Commonwealth's evidence was insufficient to prove that he committed an assault and battery on a police officer because he contends the police used excessive force in placing him under arrest and he was therefore entitled to defend himself with reasonable force.  Assault and battery is the "intentional and unjustified use of force upon the person of another, however slight, or the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another" (quotation and citation omitted).  Commonwealth v. Correia, 50 Mass. App. Ct. 455, 456 (2000).  To establish assault and battery on a police officer, the Commonwealth must also prove that the officer was "engaged in the performance of his duties at the time [of such assault and battery] and the defendant [knew] that the victim was an officer engaged in the performance of his duties."  Commonwealth v. Tyson, 104 Mass. App. Ct. 739, 742 (2024), quoting Commonwealth v. Moore, 36 Mass. App. Ct. 455, 461 (1994).

There was sufficient evidence to establish that the defendant, intentionally and without justification, bit Officer Boulay's hand while he was attempting to place him under arrest.

_____

handcuffing him.  He also pushed, punched, and kicked Officer Boulay, and bit his hand.

7

Viewing the evidence in the light most favorable to the Commonwealth, Officer Boulay clearly was engaged in the performance of his duties, which the defendant undoubtedly knew since the defendant was told that he was under arrest and was surrounded by numerous uniformed police officers.  The testimony of Officer Boulay was sufficient for a jury to conclude that the defendant committed an assault and battery on a police officer. Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 6 (2021) (victim's testimony alone suffices to support conviction).

The defendant's contention that he acted in self-defense and that the judge erred in denying his motion for a required finding of not guilty is unavailing.  At trial, the defendant raised the affirmative defense of self-defense, and the judge properly instructed the jury on the elements of self-defense. The questions of whether the police used excessive force in placing the defendant under arrest and whether the defendant's use of force in defending himself was reasonable were questions of fact to be resolved by the jury.  See Commonwealth v. Moreira, 388 Mass. 596, 602 (1983).  There was ample evidence, when viewed in the light most favorable to the Commonwealth, to

support the judge's denial of the motion for a required finding of not guilty based on self-defense.

<u>Judgments affirmed</u>.

By the Court (Walsh, Toone & Tan, JJ.[4]),

Paul Little

Clerk

Entered:  February 2, 2026.

---

[4] The panelists are listed in order of seniority.