136 N.J. Super. 525 (1975)
347 A.2d 23
STATE OF NEW JERSEY, PLAINTIFF,
v.
NICHOLAS DE GROTE, a/k/a NICHOLAS DE GROAT, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided October 2, 1975.
*527 Mr. John Weichsel, Assistant Deputy Public Defender, for defendant (Mr. Stanley Van Ness, Public Defender, attorney).
Mr. James Key, Assistant Prosecutor, for the State (Mr. Joseph C. Woodcock, Bergen County Prosecutor, attorney).
*528 SCHIAFFO, J.C.C., Temporarily Assigned.
Defendant is charged with assaulting two police officers while in the performance of their duties, in violation of N.J.S.A. 2A:90-4. He moved for a directed verdict of acquittal at the close of the State's case, stating the officers were not acting in the performance of their duties at the time of the alleged assault. He also moved that the indictment be dismissed as to the assault on Officer McKenzie, who was not in uniform at the time of the alleged assault and did not present a police shield to defendant identifying himself as a police officer prior to the alleged incident.
Defense counsel, of course, agrees that the standard which the judge must apply in deciding a motion for an acquittal under R. 3:18-2 is whether the evidence adduced at the close of the State's case is sufficient to warrant a conviction. The trial judge must determine "whether, viewing the State's evidence in its entirety * * * giving the State the benefit of all its * * * favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt." State v. Reyes, 50 N.J. 454, 458-459 (1967), State v. Kluber, 130 N.J. Super. 336 (App. Div. 1974). A series of events transpired prior to the alleged assault from which a jury could find that Officer McKenzie had exhibited his authority to defendant. Therefore, it would have been improper to grant defendant's motion.
On April 25, 1974 defendant was driving his automobile in the Village of Suffern, New York. Officers Vogelsang and McKenzie were driving in the opposite direction in a Suffern police vehicle. This vehicle was equipped with a rotating light on its roof and two red lights on the side, and also had the words "Suffern Police" on the hood of the car. Officer McKenzie, who personally knew defendant and was known by defendant, informed Officer Vogelsang, who was driving, that he had just seen Nicholas De Grote for whom an arrest warrant had been issued by the New York State Police. The officers immediately pursued De Grote with *529 their revolving light on. Defendant acknowledged the police vehicle and pulled to the side of the road in Suffern. Officer McKenzie, who was not in uniform, and Officer Vogelsang, who was, approached defendant's car. Officer McKenzie arrived at defendant's car first and told him that he was under arrest pursuant to a state police warrant. After a brief conversation in which defendant indicated he would not go with the patrolman to the Suffern Police Station in the police car, but only in his own car, he drove away. The two officers pursued defendant, the chase ending in Mahwah, New Jersey, where the alleged assault on the officers took place.
The Uniform Law on Fresh Pursuit, N.J.S.A. 2A:155-1 et seq., limits the right of interstate fresh pursuit to cases where a felony has been committed or there is a reasonable ground for believing a felony has been committed. The arrest warrant on which De Grote was wanted was for violation of a New York statute which makes Criminal Impersonation a Class A misdemeanor. N.Y. Penal Law, § 190.25 (McKinney 1965). The sentence that may be imposed in New York for violating a Class A misdemeanor is one year in prison. Id. § 70.15. Thus, De Grote was being pursued into New Jersey from New York for a violation that is similar to a disorderly person offense or misdemeanor in New Jersey. According to New York law, De Grote's escape from the two Suffern police officers was also a Class A misdemeanor. Id. § 205.05. Therefore, under N.J.S.A. 2A:155-1 et seq., the Suffern police were not empowered to pursue defendant into New Jersey and arrest him. The attempted arrest was illegal. However, in State v. Koonce, 89 N.J. Super. 169, 182 (App. Div. 1965), the court determined that an officer is acting in the performance of his duty while trying to make an arrest, even if the arrest is illegal, if the person being arrested believes that the officer is attempting to arrest him and subject him to the processes of law. The facts in the present case would indicate that defendant believed that the officers were performing their *530 duty, for while stopped in New York he had indicated to the officers that he would follow them to the Suffern Police Station in his own car. The performance of their duty will not be negated by the mere technicality that the police did not have authority to pursue and arrest the defendant where "there is no claim of bad faith, unreasonable force or provocative conduct on the part of the arresting officers." U.S. v. Moore, 483 F.2d 1361, 1365 (9 Cir.1973); State v. Wright, 1 N.C. App. 479, 162 S.E.2d 56, 62 (App. Div. 1968), aff'd 274 N.C. 380, 163 S.E.2d 897 (Sup. Ct. 1968). New Jersey does not follow the common law which permits one to use force to resist an illegal arrest. Koonce, supra, 89 N.J. Super. at 184; U.S. ex rel. Horelick v. Criminal Court, New York City, 366 F. Supp. 1140, 1151 (S.D.N.Y. 1973); "Defiance of Unlawful Authority" 83 Harv. L. Rev. 626, 636 (1970).
A private citizen may not use force to resist arrest by one he knows or has reason to believe is an authorized police officer engaged in the performance of his duties, whether or not the arrest is legal under the circumstances obtaining. [Koonce, supra, 89 N.J. Super. at 184]
State v. Mulvihill, 57 N.J. 151, 155 (1970); Wright, supra at 62.
[O]ne deeming himself illegally arrested can reasonably be asked to submit peaceably to arrest by a police officer and to take recourse in his legal remedies for regaining his liberty and defending the ensuing prosecution against him. At the same time, police officers attempting in good faith, although mistakenly, to perform their duties in effecting an arrest should be relieved of the threat of physical harm at the hands of the arrestee. [Koonce, supra, 89 N.J. Super. at 183-184]
The court recognizes that an out-of-state police officer may not enter this State and act in the performance of his duty unless he is in fresh pursuit of an individual. Absent fresh pursuit, this court leaves to the appellate courts the question of whether a citizen situate in New Jersey has the *531 right to resist an illegal arrest by an out-of-state police officer. However, if an officer is actually engaged in a fresh pursuit, the officer will be deemed to be in the performance of his duty for the purpose of N.J.S.A. 2A:90-4, assaulting a police officer, even though the pursuit may not be legal according to New Jersey's Uniform Law on Fresh Pursuit. N.J.S.A. 2A:155-1 et seq. Therefore, any motion addressed to the performance of duty is denied.
In order to be charged with assaulting a police officer in violation of N.J.S.A. 2A:90-4, the police officer must be acting in the performance of his duty while in uniform or exhibiting evidence of his authority. The alleged assault on Officer Vogelsang presents no problem because he was in uniform. However, it must be determined whether there was sufficient evidence for the jury to find that Officer McKenzie had exhibited evidence of his authority or his legal power. Authority has been defined as "legal power, the right and power of public officers to require obedience to their orders lawfully issued in the scope of their public duties." Black's Law Dictionary (4 ed. 1951); Landry v. Daley, 280 F. Supp. 938, 959-960 (N.D. Ill. 1968), app. dism. 393 U.S. 220, 89 S.Ct. 455, 21 L.Ed.2d 392 (1968), rev'd on other grounds 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1970). In the present case Officer McKenzie never presented his shield to defendant, which would immediately identify him as a peace officer. However, an officer may exhibit his authority in a manner other than by presenting his shield. When testimony reveals that a police officer knows defendant and is known by defendant to be a police officer, and that officer, although not in uniform, exits from a marked police vehicle with its revolving light on, accompanied by a uniformed officer and says to defendant that he is under arrest pursuant to a warrant, there is ample evidence from which a jury can determine that he exhibited his authority. Murley v. Smith, 322 F. Supp. 991, 995 (N.D. Tex. 1971). For this reason defendant's motion to dismiss *532 the indictment as to the assault on the police officer who was not in uniform is also denied.