849 A.2d 573 (2004)
369 N.J. Super. 466
STATE of New Jersey, Plaintiff-Respondent,
v.
Raymond SIMMS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted May 11, 2004.
Decided June 7, 2004.
*574 Yvonne Smith Segars, Public Defender, attorney for appellant (Alyssa Aiello, Assistant Deputy Public Defender, of counsel and on the brief).
Joseph L. Bocchini, Jr., Mercer County Prosecutor, attorney for respondent (Dorothy Hersh, Assistant Prosecutor, of counsel and on the brief).
Before Judges PRESSLER, CIANCIA and ALLEY.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Following a jury trial, defendant Raymond Simms was convicted of the thirddegree crime of resisting arrest by use of physical force or violence against the law enforcement officer attempting the arrest. N.J.S.A. 2C:29-2a(3). He was acquitted of the companion third-degree charge of assault upon a law enforcement officer. N.J.S.A. 2C:12-1b(5). He was sentenced to a four-year prison term on the resisting arrest charge. Defendant appeals, and we reverse and remand. We are satisfied that he was entitled to a self-defense charge and, moreover, that the instruction to the jury had the capacity to have confused it.
*575 In challenging the judgment of conviction, defendant raises the following issues:
I. THE TRIAL COURT'S FAILURE TO CHARGE THE JURY ON THE USE OF FORCE IN SELF-PROTECTION REQUIRES REVERSAL OF SIMMS' CONVICTION WHERE THERE WAS SUBSTANTIAL EVIDENCE FROM WHICH THE JURY COULD HAVE CONCLUDED THAT THE FORCE SIMMS USED AGAINST OFFICER WOODHEAD WAS IN DIRECT RESPONSE TO OFFICER WOODHEAD'S USE OF UNLAWFUL FORCE AGAINST HIM. (Not Raised Below)
II. THE TRIAL COURT'S INADEQUATE RESPONSE TO THE JURY'S REQUEST FOR CLARIFICATION REQUIRES REVERSAL OF SIMMS' CONVICTION. (Not Raised Below)
We reject defendant's second point. The judge's admonition to the jury to refer to the original charge, which it already had in hand, was reasonable, particularly in view of his assurance that if the jury then had any further question, he would attempt to answer it more specifically. Our review of the record persuades us, however, that there is merit in defendant's first point.
The State's sole witness at trial was Camden Officer Woodhead who effected the arrest. Defendant was the sole witness on his behalf. The import of Woodhead's testimony was that while on uniformed patrol in a marked police vehicle, he noticed a group of African-American men on the sidewalk, two of whom, including defendant, he recognized. Across the street from this group were two white men. Woodhead observed defendant reach towards his pocket with one hand and wave to the white men with the other. As he then drove past, he saw defendant cross the street towards the white men. Woodhead drove around the corner and approached the scene on foot. He heard one of the men in defendant's group yell out a coded warning that the police were in the area and saw defendant run into a delicatessen Believing defendant was engaging in narcotics trafficking, Woodhead followed defendant into the store, grabbed him, escorted him outside, and placed him against a wall, leaning his body into defendant's to keep him pinned. Defendant then put his hand into his pocket, leading Woodhead to believe that he might be reaching for a weapon. Woodhead then grabbed defendant's arm and told him he was under arrest. At that point, according to Woodhead, defendant broke free, punched Woodhead in the chest and started to run away. Defendant fled to his own house, which was on the same street. Woodhead followed him, and then effected the arrest.
Defendant told a different story. According to him, he was essentially minding his own business, was not engaging in any narcotics trafficking and had gone into the delicatessen to buy a soda, where he was suddenly and without cause accosted by Woodhead. Woodhead, he said, took physical hold of him, walked him out of the store, and put him up against the wall. The import of that testimony was that up to that point there was no resistance. But defendant further testified that Woodhead then "tried to be rough," slamming his head against the wall and "like tried to slam me to the ground. So I broke away and ran." Although he denied striking behind Woodhead with any kind of motion, it is obvious that there would have to have been physical contact between defendant and Woodhead in defendant's effort to break away.
In considering defendant's objection to the jury instructions, we first consider the elements of the offense with which he was *576 charged. N.J.S.A. 2C:29-2a reads in full as follows:
a. (1) Except as provided in paragraph (3), a person is guilty of a disorderly persons offense if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest (2) Except as provided in paragraph (3), a person is guilty of a crime of the fourth degree if he, by flight, purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest. (3) An offense under paragraph (1) or (2) of subsection a, is a crime of the third degree if the person:
(a) Uses or threatens to use physical force or violence against the law enforcement officer or another; or
(b) Uses any other means to create a substantial risk of causing physical injury to the public servant or another.
As we read the statute, it defines three grades of resisting arrest. The basic offense of resisting arrest, that is, purposely preventing or attempting to prevent a law enforcement officer from effecting an arrest, is a disorderly persons offense. It is raised to a fourth-degree crime if the prevention or attempted prevention of the arrest is accomplished by flight. Whether or not flight is involved, however, if the resistance is accompanied by physical force or violence against the officer, the crime is of the third degree.
In charging the jury, the judge generally followed the Model Jury Charge, but, however, instructed that the crime with which defendant was charged had six elements. The first four elements, he explained, were the basic resisting arrest elements, namely, that an arrest was being effected, it was being effected by a law enforcement officer, that defendant knew he was a law enforcement officer, and that defendant resisted the arrest. He then charged that the fifth element was resistance by flight and that the sixth element was the use by defendant or the threatened use of physical force or violence against the officer. The jury was then instructed that "[I]n order to convict the defendant of this charge, the State must prove beyond a reasonable doubt each of the ... six elements." The verdict sheet essentially had three questions for the jury, that is, whether there was resistance to a police officer, whether there was also flight, and whether there was use or threatened use of physical force or violence.
We are satisfied that although the verdict sheet required discrete jury determinations on both potential gradeenhancing elements, flight and physical force, the jury was not properly apprised of their significance and interrelationship. It is virtually axiomatic that a defendant is entitled to the benefit of a charge explaining lesser-included offenses. The well-established rule is that if a charge on the lesser-included is requested, it must be given if rationally based on the evidence, and if not requested, must nevertheless be given if clearly indicated by the evidence. See, e.g., State v. Garron, 177 N.J. 147, 179-181, 827 A.2d 243 (2003), cert. denied, ___ U.S. ___, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004); State v. Savage, 172 N.J. 374, 396-397, 799 A.2d 477 (2002); State v. Dixon, 125 N.J. 223, 255-256, 593 A.2d 266 (1991). Beyond that, the judge has an independent obligation to instruct on clearly indicated lesser-included offenses even if the defendant objects. State v. Jenkins, 178 N.J. 347, 361, 840 A.2d 242 (2004).
In our view, the jury should have been instructed that if they found defendant guilty of the first four elements alone, he would be guilty of a disorderly persons offense, and that if one of those elements was absent, he could not be convicted of *577 any offense. It should then have been charged that if it found defendant guilty of those four elements and of flight, he would be guilty of a fourth-degree crime, but if it found him guilty of having used or attempted to use physical force or violence, whether or not flight was also involved, he would have been guilty of a third-degree crime. The point, of course, is that all six elements did not have to be found in order to convict defendant of some grade of offense provided the first four were found. Nor did flight have to be found in order to convict defendant of the third-degree offense if physical force or violence was used. Thus although the jury was told which elements had to be found in order for defendant to be guilty of some crime, that is, resisting, resisting by flight, or resisting by physical force, it was not made aware of the significance of its findings in terms of the seriousness, i.e., the grading, of the offense. It should have been clearly apprised of that consequence of its various findings.
It is in this context that we consider defendant's plain-error argument that the jury should have been charged on selfdefense. We agree. The charge in respect of the enhancing element of flight was appropriate. The judge properly reminded the jury of defendant's claim that the purpose of his flight was to avoid injury by the officer. The judge then instructed that it was the State's burden to prove beyond a reasonable doubt that defendant's purpose was evading arrest. But a similar instruction was not, however, given with respect to the basic disorderly persons offense or the enhancing factor of physical force or violence.
It is well settled that an officer effecting an arrest may use only such force as is reasonable under the circumstances and that if the officer uses excessive or unnecessary force "the citizen may respond or counter with the use of reasonable force to protect himself...." State v. Mulvihill, 57 N.J. 151, 156, 270 A.2d 277 (1970). See also State v. Moriarty, 133 N.J.Super. 563, 573-574, 338 A.2d 14 (App. Div.), certif. denied, 68 N.J. 172, 343 A.2d 459 (1975). To be sure, the citizen's right to protect himself in those circumstances is not unqualified. As explained by the Supreme Court in State v. Mulvihill at 157, 270 A.2d 277, the citizen cannot use greater force in protecting himself from the officer's unlawful force than appears necessary under the circumstances, and he loses his privilege of self-defense if he knows that if he submits to the officer, the officer's excessive use of force will cease. And, of course, the citizen must reasonably believe that the use of force is necessary to protect himself from the officer's excessive use of force. N.J.S.A. 2C:3-4a.
Defendant testified that after he had submitted to the arrest, Woodhead had slammed his body into the wall and was trying to slam his head into the wall. The jury could have found, if it believed this testimony, that Woodhead was using unreasonable and excessive force in attempting an arrest and that defendant reasonably feared for his physical safety, justifying him in using such force as was reasonably necessary to enable him, as he said it, to "break away" in self-protection. It could also have found that any blow that might have been struck by defendant was incidental to that effort and not unreasonable under the circumstances. We are satisfied that defendant was entitled to the self-defense charge in that context and that its omission from the jury instructions was plain error.
The judgment of conviction is reversed, and we remand for a new trial.