869 A.2d 880

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
TYRONE L. GENTRY, DEFENDANT–APPELLANT.

Argued February 1, 2005—Decided March 30, 2005.

*Susan Brody,* Assistant Deputy Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney).

*Robin A. Hamett,* Assistant Prosecutor, argued the cause for respondent (*Vincent P. Sarubbi,* Camden County Prosecutor, attorney).

PER CURIAM.

Defendant Tyrone Gentry was indicted for one count of second degree robbery in violation of *N.J.S.A.* 2C:15–1. The charge read, "in the course of committing a theft upon Rite Aid and/or Tiffany Davis and/or David Lowe one, did inflict bodily injury or use force upon David Lowe and/or Tiffany Davis; or two, did threaten David Lowe and/or Tiffany Davis with or purposely put David Lowe and/or Tiffany Davis in fear of immediate bodily injury."

The testimony at trial established that on November 14, 2001, defendant entered a Rite–Aid drugstore in Camden. A store employee, Tiffany Davis, observed defendant hiding cigars on his person and directed him to return the merchandise and leave the store. When Davis's attention momentarily was diverted, defendant grabbed several boxes of cigars and ran toward the front of the store, knocking Davis backward in the process. Davis claimed defendant charged her; defendant characterized their interaction as brushing. Davis shouted to the store manager, Lowe, who intercepted defendant in the vestibule, grabbing defendant's pants in an effort to stop him. Defendant left the store dragging Lowe. Witnesses testified that, outside of the store in an attempt to free himself from Lowe, defendant began to punch, stomp, and kick Lowe. Defendant testified that, while he may have accidentally kicked Lowe in trying to escape, he never intentionally used any force on him. Eventually defendant was subdued, held for the police, and charged.

In summation at trial, defense counsel argued that defendant had committed the disorderly-persons offense of shoplifting, and possibly a simple assault, which required only reckless conduct. He denied that defendant had committed a robbery, which requires a purposeful or knowing use of force against, or infliction of injury on, another.

During the course of deliberations, the jury sent the trial judge a note, indicating that all jurors agreed that "defendant knowingly used force against" either Davis or Lowe, but one group of jurors believed defendant knowingly used force on Davis but not Lowe,

and the other group believed defendant knowingly used force on Lowe but not Davis. The jury asked whether that constituted "a unanimous vote." After hearing counsel's views, the trial judge responded:

> If a portion of this jury believes that that force has been shown and that same element of force requiring knowing intent has been distributed to someone else and they're both encompassed within the format of this indictment, I'm satisfied that that would be a unanimous determination of the force required by the statute has been proved by the State beyond a reasonable doubt if that is the jury's finding.

Ten minutes later the jury returned a guilty verdict. The trial judge imposed an extended sentence of sixteen years, eighty-five percent without parole.

Defendant appealed on the ground that he was denied due process based on the trial judge's unanimity ruling. Over a dissent by Judge Coburn, the Appellate Division majority affirmed. The panel held that the verdict was unanimous because all jurors agreed that defendant used force on another and that the identity of the victim was immaterial. The majority reasoned that only disagreements regarding the facts that form the basis for the elements of an offense are able to jeopardize the constitutional requirement of jury unanimity. According to the court, the scope of the jury's role within constitutional parameters does not require that the jury possess "a shared, detailed vision" of all the facts to convict. *State v. Gentry,* 370 *N.J.Super.* 413, 422, 851 *A.*2d 676 (App.Div.2004). The court concluded that the elements of robbery were satisfied because the jury unanimously agreed that, during a theft from Rite–Aid, defendant used force against another. The identity of the other was deemed unimportant. Therefore, the jurors' agreement on the use of force was "statutorily sufficient." *Id.* at 424, 851 *A.*2d 676.

Judge Coburn viewed the case differently. In his dissent, he reasoned that force on another is a critical element of the offense. *Id.* at 428, 851 *A.*2d 676 (Coburn, J.A.D., dissenting). He explained why:

> [H]ad Lowe not been present, the jury would have been unable to agree that force had been used against Davis ... had Davis not been present, the jury would have

been unable to agree that force had been used against Lowe. Thus, in either of those circumstances, there would have been no conviction for robbery.

[*Id.* at 427, 851 *A.*2d 676.]

Citing our prior decisions in *State v. Frisby*, 174 *N.J.* 583, 811 *A.*2d 414 (2002) and in *State v. Parker*, 124 *N.J.* 628, 592 *A.*2d 228 (1991), *cert. denied*, 503 *U.S.* 939, 112 *S.Ct.* 1483, 117 *L.Ed.*2d 625 (1992), Judge Coburn concluded that the jurors had to agree unanimously on which acts were committed against which victim.

We have carefully reviewed the record in light of defendant's contentions regarding unanimity and conclude that Judge Coburn correctly analyzed the issue presented. Substantially for the reasons expressed in his thorough and thoughtful dissenting opinion, *Gentry, supra,* 370 *N.J.Super.* at 425, 851 *A.*2d 676, we therefore reverse the judgments of the courts below and remand the matter to the Law Division for a new trial.

*For reversal and remandment*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.