NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2081-12T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

  v.

KEENAN OGLETREE, JR.,

      Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **March 20, 2014** |
| **APPELLATE DIVISION** |

Submitted February 25, 2014 — Decided March 20, 2014

Before Judges Fisher, Espinosa and O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 11-11-2674 and 11-11-0139.

Joseph E. Krakora, Public Defender, attorney for appellant (James K. Smith, Jr., Assistant Deputy Public Defender, of counsel and on the brief).

John J. Hoffman, Acting Attorney General, attorney for respondent (Frank J. Ducoat, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In appealing the judgments of conviction, defendant complains only of the trial judge's denial of 246 days of gap-

time credit,[1] which represents the time from his incarceration for a violation of probation until his sentence in these matters. The often knotty questions posed by gap-time credit disputes require particular attention to the details of the sentencing history in all related matters. To put those details into perspective, however, we first turn to the statute that authorizes the award of gap-time credit.

N.J.S.A. 2C:44-5(b)(2) directs that "[w]hen a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody," and notwithstanding whether the judge imposes concurrent or consecutive terms, "the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served." In applying the statute here, we first observe that, on May 19, 2006, defendant was sentenced on a drug offense[2] to a five-year probationary term conditioned upon

---

[1] The appeal was originally placed on a sentencing calendar, but, in light of the nature of the argument, we directed that the parties file briefs and the matter be placed on a plenary calendar.

[2] Defendant pleaded guilty to third-degree possession with the intent to distribute a controlled dangerous substance in a school zone, N.J.S.A. 2C:35-7.

his serving 120 days in the county jail in Indictment No. 06-01-0158 ("158"). As a result of a violation of the probationary term, defendant was sentenced, on January 20, 2012, to a three-year prison term.

After the original sentence in 158, but prior to the disposition of defendant's violation of probation (VOP) in that matter, defendant was charged on November 3, 2011, with first-degree racketeering and other offenses in Indictment No. 11-11-0139 ("139"), and on November 30, 2011, with third-degree aggravated assault and other offenses in Indictment No. 11-11-2674 ("2674"). As noted above, on January 20, 2012, while these two indictments were pending, defendant was sentenced to a three-year term of imprisonment for violating the terms of probation contained in the 2006 judgment entered in 158. On September 24, 2012 — approximately nine months after the sentence imposed for the VOP in 158 — defendant pleaded guilty in 139 to second-degree racketeering, and in 2674 to third-degree aggravated assault; he was sentenced in the former to an eight-year prison term, with a four-year parole bar, and in the latter to a five-year prison term, with a two-year parole bar. These sentences were ordered to run concurrently with each other and with the sentence imposed on the VOP in 158.

Defendant argues that the trial judge erred in refusing to award gap-time credit for the period of time from January 20, 2012 (when the term of imprisonment was imposed in 158) through September 23, 2012 (the day before he was sentenced to terms of imprisonment in 139 and 2674).

The Supreme Court has explained that the gap-time credit permitted by N.J.S.A. 2C:44-5(b) "awards a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since he or she began serving the first sentence." State v. Hernandez, 208 N.J. 24, 38 (2011). The Supreme Court has determined that the law's primary purpose "is to avoid the manipulation of trial dates to the disadvantage of defendants," Booker v. N.J. State Parole Bd., 136 N.J. 257, 260 (1994); see also Hernandez, supra, 208 N.J. at 38; State v. Carreker, 172 N.J. 100, 105 (2002), and to "counteract any dilatory tactics of the prosecutor" in pursuing a conviction for another offense once a defendant has been sentenced on an earlier offense, State v. Hall, 206 N.J. Super. 547, 550 (App. Div. 1985); see also Hernandez, supra, 208 N.J. at 38; Carreker, supra, 172 N.J. at 105. The Supreme Court has also recognized that "gap-time credits are appropriate even in the absence of evidence of

intentional prosecutorial delay." Hernandez, supra, 208 N.J. at 38.

The request for gap-time credit requires a demonstration of three facts:

> (1) the defendant has been sentenced previously to a term of imprisonment, (2) the defendant is sentenced subsequently to another term, and (3) both offenses occurred prior to the imposition of the first sentence.
>
> [State v. Franklin, 175 N.J. 456, 462 (2003); see also Hernandez, supra, 208 N.J. at 38; State v. Rippy, 431 N.J. Super. 338, 349 (App. Div. 2013), certif. denied, __ N.J. __ (2014).]

The parties' disagreement regarding defendant's entitlement to gap-time credit here turns on their interpretations of the requirements delineated in Franklin and particularly the manner in which the parties frame the issue.

The State acknowledges that the first two factors mentioned in Franklin have been met and that the issue in dispute "boils down to the third necessary element, and this question: Did both the offenses [in 139 and 2764] occur prior to imposition of 'the first sentence'"? In answering that question, the State would have us find the statute inapplicable because the racketeering and aggravated assault offenses in 139 and 2764 occurred after the underlying offenses for which defendant was

sentenced to a probationary term in 158,[3] whereas defendant argues the racketeering and aggravated assault offenses occurred <u>before</u> he was sentenced to a three-year prison term for the VOP, thereby complying with the third <u>Franklin</u> element. Defendant further emphasizes that the focus cannot be on the sentence imposed in 2006 in 158 because he was not then sentenced to "imprisonment" and that "imprisonment" was not imposed in that matter until the January 20, 2012 sentence resulting from the VOP.

Even though, as the State urges, defendant was incarcerated as a condition of probation for 120 days in 2006, defendant finds support for his more limited interpretation of the word "imprisonment" as it appears in this context by invoking <u>State v. O'Connor</u>, 105 <u>N.J.</u> 399, 409 (1987), where the Court held that "the Legislature intended that 'imprisonment for a term' as a condition of probation and a sentence of imprisonment be treated as two distinct and different sentencing alternatives." <u>See also</u> <u>State v. DiAngelo</u>, __ <u>N.J. Super.</u> __ (App. Div. 2014). Indeed, defendant correctly observes that adoption of the

_____

[3]139 charged defendant with engaging in racketeering between May 1, 2010 and March 7, 2011; 2764 charged defendant with committing an aggravated assault on February 8, 2011. All these offenses occurred <u>after</u> the underlying CDS offenses charged in 158, but both <u>before</u> the VOP that led to a prison term imposed on January 20, 2012.

State's broad interpretation of imprisonment in the gap-time credit setting would lead to the incongruous result that a probationary term conditioned on even a single day in the county jail would disqualify an award of gap-time credit, whereas a probationary term without such a condition would not. We agree with defendant that the State's view would increase the risk of manipulation, see Booker, supra, 136 N.J. at 260, that N.J.S.A. 2C:44-5(b)(2) was intended to prevent. Accordingly, we reverse insofar as the judgments of conviction denied defendant 264 days of gap-time credit.

Reversed and remanded for entry of amended judgments of conviction in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION