**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1529-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DARNELL REED a/k/a DEMETRIUS
HINES, DARRELL JENKINS, DARNELL
OXFORD, and AARON PACKERSON,

    Defendant-Appellant.

_____

Argued May 30, 2017 — Decided July 6, 2017

Before Judges Sabatino, Nugent and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No. 13-
08-1920.

Tamar Y. Lerer, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender, attorney;
Ms. Lerer, of counsel and on the briefs).

Tiffany M. Russo, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for respondent (Carolyn A. Murray,
Acting Essex County Prosecutor, attorney; Ms.
Russo, of counsel and on the brief).

PER CURIAM

Following a three-day jury trial, defendant Darnell Reed was convicted of third-degree resisting arrest by physical force, N.J.S.A. 2C:29-2(a)(3)(a). The trial judge imposed a discretionary extended nine-year term of imprisonment with a discretionary four-and-one-half-year period of parole ineligibility, to run consecutive to a 364-day sentence defendant was serving on an unrelated violation of probation conviction. Defendant appeals from his conviction and sentence.

Defendant raises the following issues on appeal:

POINT I

THE FAILURE TO INSTRUCT THE JURY THAT DEFENDANT HAD THE RIGHT TO RESIST THE OFFICERS' USE OF UNLAWFUL FORCE REQUIRES REVERSAL OF HIS CONVICTIONS. (NOT RAISED BELOW).

POINT II

BECAUSE THE JUDGE FAILED TO INSTRUCT THE JURY THAT A GUILTY VERDICT REQUIRED UNANIMITY AS TO THE VICTIM, THE DANGER OF A PATCHWORK VERDICT REQUIRES REVERSAL. (NOT RAISED BELOW).

POINT III

DEFENDANT'S SENTENCE, WHICH CONSISTS OF BOTH A DISCRETIONARY EXTENDED TERM AND A DSICRETIONARY PAROLE DISQUALIFIER, IS MANIFESTLY EXCESSIVE.

POINT IV

DEFENDANT IS ENTITLED TO 115 DAYS OF GAP-TIME CREDIT.

REPLY POINT I
THE FAILURE TO INSTRUCT THE JURY ON SELF-
DEFENSE WAS PLAIN ERROR, CLEARLY CAPABLE OF
PRODUCING AN UNJUST RESULT.

REPLY POINT II

THE FAILURE TO SPECIFY THE VICTIM OF THE
ALLEGED RESISITING RESULTED IN THE RISK OF A
NON-UNANIMOUS VERDICT.

We derive the following facts from the evidence presented at trial. On April 1, 2013, at approximately 11:30 a.m., Officers Louis Weber and Manuel Souto of the Newark Police Department were patrolling the area of North Munn Avenue in Newark in an unmarked police car. Both officers were dressed in plainclothes. As their unmarked vehicle approached the intersection of North Munn and Mountainside Avenues, they observed a car in front of the Bradley Court Housing Complex, with one occupant, later identified as defendant, in the driver's seat. They observed a "black male" leaning into the driver's side window.

As the officers attempted to investigate further, an unidentified person yelled a code word to warn that police were in the area. After the warning, the individual by the driver's side window walked away, and the defendant drove off with the officers following in their unmarked car. Despite defendant's vehicle having tinted windows, the officers testified that defendant was not wearing a seatbelt.

A-1529-15T2

According to the officers, defendant was driving erratically. After following defendant to the intersection of Maybaum and Tremont Avenues, the officers activated their lights and siren, at which point defendant pulled over.

Officer Weber approached the passenger side of defendant's vehicle, while Officer Souto approached the driver's side. According to Officer Weber, defendant was holding a "brick of heroin" in his hands.[1] After being alerted to this by Officer Weber, Officer Souto asked defendant to step out of the vehicle because he was under arrest for possession of drugs. According to the officers, defendant stepped out of his car holding the brick of heroin, then dropped it and attempted to flee.

An Essex County grand jury returned an indictment charging defendant with third-degree possession of heroin, N.J.S.A. 2C:35-10a(1) (count one); third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3) (count two); third-degree possession of heroin with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-7(a) and 2C:35-5(a)(1) (count three); third-degree possession of heroin with intent to distribute within 500 feet of a public housing facility,

---

[1] Officer Weber testified that a brick of heroin is "fifty smaller envelopes of heroin wrapped in a bundle, then wrapped in newspaper for distribution."

N.J.S.A. 2C:35-7.1(a) and 2C:35-5(a)(1) (count four); two counts of fourth-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a) (counts five and six); second-degree attempt to disarm a law enforcement officer, N.J.S.A. 2C:12-11(a) (count seven); and third-degree resisting arrest by use of physical force, N.J.S.A. 2C:29-2(a)(3)(a) (Count Eight).

Tried to a jury, defendant was convicted of third-degree resisting arrest, but found not guilty of the remaining seven charges. In charging the jury, the trial judge did not provide a self-defense instruction. Defendant did not object to the jury charges.

On December 1, 2014, defendant appeared for sentencing. After granting the State's motion for a discretionary extended term and a discretionary period of parole ineligibility, the trial judge imposed a nine-year term of imprisonment subject to a four-and-one-half-year period of parole ineligibility. The sentence was made consecutive to a 364-day sentence defendant was serving on an unrelated violation of probation conviction. Although the trial judge awarded defendant twelve days credit for time served, he did not award defendant any gap-time credit.

I.

Defendant contends that the trial court's failure to instruct the jury that defendant had the right to resist the officers' use

of unlawful force constituted plain error, clearly capable of producing an unjust result.

"An essential ingredient of a fair trial is that a jury receive adequate and understandable instructions." State v. McKinney, 223 N.J. 475, 495 (2015) (quoting State v. Afanador, 151 N.J. 41, 54 (1997)). "At the heart of the guarantee of a fair trial is the 'jury's impartial deliberations upon the guilt of a criminal defendant based solely upon the evidence in accordance with proper and adequate instructions . . . .'" State v. Collier, 90 N.J. 117, 122 (1982) (quoting State v. Simon, 79 N.J. 191, 206 (1979)).

> The trial court must give "a comprehensible explanation of the questions that the jury must determine, including the law of the case applicable to the facts that the jury may find." Thus, the court has an "independent duty . . . to ensure that the jurors receive accurate instructions on the law as it pertains to the facts and issues of each case, irrespective of the particular language suggested by either party."
>
> [State v. Baum, 224 N.J. 147, 159 (2016) (citations omitted).]

"Jury instructions have been described as a 'road map to guide the jury[;] without an appropriate charge, a jury can take a wrong turn in its deliberations.'" McKinney, supra, 223 N.J. at 495 (alteration in original) (quoting State v. Martin, 119 N.J. 2, 15 (1990)). "Because proper jury instructions are essential

to a fair trial, erroneous instructions on material points are presumed to possess the capacity to unfairly prejudice the defendant." Ibid. (citations omitted); see also State v. Jordan, 147 N.J. 409, 422 (1997) (finding that some jury instructions are "so crucial to the jury's deliberations on the guilt of a criminal defendant that errors in those instructions are presumed to be reversible"). "Therefore, '[e]rroneous instructions are poor candidates for rehabilitation as harmless, and are ordinarily presumed to be reversible error.'" McKinney, supra, 223 N.J. at 495-96 (alteration in original) (quoting Afanador, supra, 151 N.J. at 54); see also Baum, supra, 224 N.J. at 159 (erroneous instructions on material points are presumed to possess the capacity to unfairly prejudice the defendant). The plain error analysis of an erroneous jury charge mandates that the reviewing court examine the charge as a whole to determine its overall effect. McKinney, supra, 223 N.J. at 494.

Defendant did not object to the jury charges at trial and raised the claim of error for the first time on appeal. "Consequently, we must consider this issue under the plain error rule." State v. Walker, 203 N.J. 73, 89 (2010) (citing R. 2:10-2); see also State v. Burns, 192 N.J. 312, 341 (2007). Our Supreme Court has established that

> [i]n the context of jury instructions, plain error is "[l]egal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result."
>
> [State v. Camacho, 218 N.J. 533, 554 (2014) (quoting State v. Adams, 194 N.J. 186, 207 (2008)).]

"Therefore, we may reverse only if the unchallenged error was 'clearly capable of producing an unjust result.'" Ibid. (quoting R. 2:10-2). "We consider alleged error in light of 'the totality of the entire charge, not in isolation.'" Burns, supra, 192 N.J. at 341 (quoting State v. Chapland, 187 N.J. 275, 289 (2006)). "Nevertheless, because clear and correct jury instructions are fundamental to a fair trial, erroneous instructions in a criminal case are 'poor candidates for rehabilitation under the plain error theory.'" Adams, supra, 194 N.J. at 207 (quoting Jordan, supra, 147 N.J. at 422).

"The standard for assessing the soundness of a jury instruction is 'how and in what sense, under the evidence before them, and the circumstances of the trial, would ordinary . . . jurors understand the instructions as a whole.'" State v. Savage, 172 N.J. 374, 387 (2002) (quoting Crego v. Carp, 295 N.J. Super. 565, 573 (App. Div. 1996), certif. denied, 149 N.J. 34 (1997)).

"[T]he test to be applied . . . is whether the charge as a whole is misleading, or sets forth accurately and fairly the controlling principles of law."  McKinney, supra, 223 N.J. at 496 (quoting State v. Jackmon, 305 N.J. Super. 274, 299 (App. Div. 1997) (alteration in original), certif. denied, 153 N.J. 49 (1998)).

The resisting arrest jury instruction stated in part:

> Count Eight of the indictment charges the defendant with the crime of resisting arrest by using or threatening to use force or physical violence against Officer Souto and/or Officer Weber.
>
> The Statute on which this charge is based reads as follows: A person is guilty of an offense if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest, uses or threatens to use physical force or violence against the law enforcement officer or another.
>
> In order to convict the defendant of this charge, the State first must prove beyond a reasonable doubt that defendant committed the basic offense of resisting arrest.
>
> . . . .
>
> The second element that State must prove beyond a reasonable doubt is that Officer Souto and Officer Weber were effecting an arrest. It is not a defense to a prosecution under this subsection that the law enforcement officer was acting unlawfully in making the arrest, provided he was acting under color of his official authority and provided the law enforcement officer announces his intention to arrest prior to the resistance.
>
> . . . .

> If you find the State has proven beyond a reasonable doubt all five elements of the offense: (1), that Officer Souto and/or Officer Weber were law enforcement officers; (2), Officer Souto and/or Officer Weber were effecting an arrest; (3), that defendant knew or had reason to know that Officer Souto and/or Officer Weber were law enforcement officers effecting an arrest; (4) that defendant purposely prevented or attempted to prevent Officer Souto and/or Officer Weber from effecting the arrest; (5) that the defendant used or threatened to use physical force or violence against a law enforcement officer or another, then you must find the defendant guilty of resisting arrest.

Defendant contends the trial court committed plain error by failing to instruct the jury that a defendant can lawfully defend himself against an officer's use of unlawful force when effecting an arrest. More specifically, defendant argues that the trial court should have given Model Charge (Criminal), "Justification - Self-Defense, Resisting Arrest (N.J.S.A. 2C:3-4)," (October 17, 1988) as part of its resisting arrest instructions. Defendant contends that the failure to charge self-defense violated his rights to due process and a fair trial as guaranteed to him by the Fourteenth Amendment, U.S. Const. amends. VI, XIV, and the N.J. Const. art. I, ¶ ¶ 1, 9, 10. We agree.

A law enforcement officer may use force when making an arrest if he or she "reasonably believes that such force is immediately necessary to effect a lawful arrest." N.J.S.A. 2C:3-7(a). "If

the citizen resists the arrest, the officer is not only justified in but has the duty of employing such force as is reasonably necessary to overcome the resistance and accomplish the arrest." State v. Mulvihill, 57 N.J. 151, 156 (1970). "Accordingly, in our State, when an officer makes an arrest, legal or illegal, it is the duty of the citizen to submit and, in the event the seizure is illegal, to seek recourse in the courts for the invasion of his right of freedom." Id. at 155-56. However, our law also authorizes a civilian's use of force in self-protection while being placed under arrest in certain limited circumstances. "If, in effectuating the arrest or the temporary detention, the officer employs excessive and unnecessary force, the citizen may respond or counter with the use of reasonable force to protect himself, and if in doing so the officer is injured no criminal offense has been committed." Id. at 156; see also N.J.S.A. 2C:3-4(b)(1)(a) (although a person may not use force to resist arrest simply because the arrest is unlawful, he or she may use force if the officer employs unlawful force to effect such arrest). The citizen cannot use greater force in protecting himself from the officer's unlawful force than appears necessary under the circumstances, and he loses his privilege of self-defense if he knows that if he submits to the officer, the officer's excessive use of force will cease. Mulvihill, supra, 57 N.J. at 157. The rule is designed

to protect a person's bodily integrity and health as "the law recognizes that liberty can be restored through legal processes but life or limb cannot be repaired in a courtroom." Id. at 156.

A self-defense charge is required when "any evidence raising the issue of self-defense is adduced, either in the State's or the defendant's case." State v. Kelly, 97 N.J. 178, 200 (1984). If such evidence is present, "then the jury must be instructed that the State is required to prove beyond a reasonable doubt that the self-defense claim does not accord with the facts; [and] acquittal is required if there remains a reasonable doubt whether the defendant acted in self-defense." Ibid; see also State v. Gentry, 439 N.J. Super. 57, 63 (App. Div. 2015) (holding that a self-defense instruction is required, even when not requested, where the evidence indicates a rational basis for instructing it).

"[B]ecause self-defense must be charged if the evidence, viewed most favorably to the defendant, would support that justification, we focus on 'the evidence that provides a rational basis for a self-defense charge.'" Gentry, supra, 439 N.J. Super. at 63 (quoting State v. Rodriquez, 195 N.J. 165, 170 (2008)).

Here, defendant was repeatedly struck in the rib area and was thrown to the ground. He suffered a bloodied and swollen face. Photographs depicted defendant's blood on the pavement at the scene of the arrest. More than ten of defendant's dreadlocks were

forcibly ripped from his scalp. He required treatment at a hospital for his injuries. Defendant still suffers from a "knot" in his ribcage.

Viewed most favorably to the defendant, the evidence supported a finding that the officers used unnecessary and excessive force against defendant, thereby providing a rational basis for a self-defense charge. Therefore, the trial court should have given the jury a self-defense charge as part of its resisting arrest instructions. Kelly, supra, 97 N.J. at 200; State v. Simms, 369 N.J. Super. 466, 472-73 (App. Div. 2004). The failure to instruct the jury that legitimate self-defense is a justification for resisting arrest where the facts reasonably could support that defense constitutes plain error. Simms, supra, 369 N.J. Super. at 473.

In Simms, the defendant was convicted of third-degree resisting arrest, although being acquitted of the companion third-degree charge of assaulting an officer. Id. at 468. During the trial, the defendant testified that after he had submitted to the arrest, "[the officer] had slammed his body into the wall and was trying to slam his head into the wall." Id. at 473. We concluded that the "jury could have found . . . that [the officer] was using unreasonable and excessive force in attempting an arrest and that defendant reasonably feared for his physical safety, justifying

him in using such force as was reasonably necessary . . . to [break-away]." <u>Ibid.</u> Therefore, the defendant was entitled to a self-defense charge and its omission from the jury instructions was plain error. <u>Ibid.</u>

Here, the jury was instructed that a person is not entitled to resist even an unlawful arrest, but was not instructed that when an officer uses excessive and unnecessary force in effectuating an arrest, a citizen may respond or counter with the use of reasonable force to protect himself. The jury instructions, however, did not address self-defense. Absent an appropriate self-defense instruction, the jury was effectively prevented from considering whether the officers employed unlawful force, and whether defendant reasonably believed it was necessary to use force to protect himself.

We further note that the jury acquitted defendant of seven of the eight charges, including simple possession of heroin, aggravated assault of a law enforcement officer, and attempting to disarm a law enforcement officer. It is likely that the jury found aspects of the testimony of the State's witnesses to be less than credible. Given these circumstances, the evidence of guilt can hardly be characterized as overwhelming. <u>Cf.</u> <u>State v. Sowell</u>, 213 <u>N.J.</u> 89, 107 (2013); <u>State v. Marrero</u>, 148 <u>N.J.</u> 469, 497 (1997).

A-1529-15T2

By failing to include a self-defense charge, the jury instructions possessed a clear capacity to bring about an unjust result, constituting plain error. R. 2:10-2. Therefore, we reverse defendant's conviction for resisting arrest, and remand the case for a new trial. During the retrial, the jury shall receive an appropriate self-defense instruction. In holding that the evidence was at least sufficient to require submission of the issue of self-defense to the jury, we express no view as to whether defendant's version of the facts should be accepted.

In light of our ruling, we need not reach defendant's argument that his extended sentence was manifestly excessive.

## II.

We also need not reach defendant's argument that the repeated use of the term "and/or" in the jury instructions injected ambiguity into the jury's consideration of the proofs. Instead, we offer the following guidance to the trial court on remand.

The resisting arrest charge given by the trial judge included the phrase "Officer Souto and/or Officer Weber" nine times. By way of example, the jury charge stated:

> The four elements of that offense are: (1), that Officer Souto and/or Officer Weber were law enforcement officers; (2), that Officer Souto and/or Officer Weber were effecting an arrest; (3), that defendant knew or had reason to know that Officer Souto and/or Officer Weber were law enforcement officers effecting

15

an arrest; (4), that defendant purposely prevented or attempted to prevent Officer Souto <u>and/or</u> Officer Weber from effecting the arrest.

. . . .

The fourth element that the State must prove beyond a reasonable doubt is that defendant purposely prevented or attempted to prevent Officer Souto <u>and/or</u> Officer Weber from effecting the arrest.

[(emphasis added).]

The verdict sheet did not require the jury to determine the identity of the officer against whom defendant resisted.

As a result, the jury instructions and the verdict sheet allowed the jury to find defendant guilty of resisting arrest without agreeing on the identity of the officer subjected to the alleged resistance. Defendant contends that this allowed for a non-unanimous verdict.

In a criminal prosecution, the State must prove each element of the offense beyond a reasonable doubt. <u>State v. Medina</u>, 147 <u>N.J.</u> 43, 49 (1996) (citing <u>In re Winship</u>, 397 <u>U.S.</u> 358, 364, 90 <u>S.Ct.</u> 1068, 1072-73, 25 <u>L.Ed.</u> 2d 368, 375 (1970)), <u>cert. denied</u>, 520 <u>U.S.</u> 1190, 117 <u>S.Ct.</u> 1476, 137 <u>L.Ed.</u>2d 688 (1997). "[T]he possibility that defendant may have been sentenced based on a less-than-unanimous verdict . . . seriously implicates defendant's substantive rights." <u>State v. Shomo</u>, 129 <u>N.J.</u> 248, 260 (1992).

The unanimity rule mandates unanimous agreement on each element of the offense. State v. Gentry, 183 N.J. 30 (2005). Accordingly, the jury must unanimously agree "on which acts were committed against which victim." Id. at 33. Here, the jurors must agree unanimously which officer was the victim of resisting arrest.

Recently, in State v. Gonzalez, 444 N.J. Super. 62, 75-76 (App. Div.), certif. denied, 226 N.J. 209 (2016), we overturned a conviction because of the improper use of the inherently confusing phrase "and/or" in a jury instruction, which injected ambiguity into the charge in the discrete factual context of that case.

Here, Officers Weber and Souto attempted to place defendant under arrest. The indictment does not identify the officer(s) that defendant resisted by the use of physical force. It is, therefore, possible that some jurors thought that defendant was resisting Officer Weber and not Officer Souto, while other jurors thought defendant was resisting Officer Souto but not Officer Weber. If that occurred, defendant is theoretically correct that such a "patchwork verdict" would not satisfy the constitutional requirement of a unanimous finding of guilt. See ibid.

While the facts here suggest that defendant's conduct was likely directed at both arresting officers, on remand the trial court should consider avoiding the use of the term "and/or" in the jury instructions. The court further should consider identifying

17

each alleged victim in the verdict sheet. Doing so would eliminate possible confusion and the potential for a non-unanimous verdict.

### III.

Relying on our decision in State v. Ogletree, 435 N.J. Super. 11 (App. Div.), certif. denied, 220 N.J. 40 (2014), defendant argues that he is entitled to 115 days of gap-time credit for the time after the imposition of the 364-day sentence for violation of probation until the sentencing in this case.

Pursuant to N.J.S.A. 2C:44-5(b), a defendant who is given two separate sentences on two different dates is awarded gap-time credit toward the second sentence for the time spent in custody since he or she began serving the first sentence. State v. Hernandez, 208 N.J. 24, 38 (2011). The State concedes that defendant is entitled to 115 days of gap-time credit. Therefore, defendant shall receive 115 days of gap-time credit if he is convicted again on the retrial.

Reversed and remanded for a new trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1529-15T2