**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2561-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FROYLAN LOPEZ,

    Defendant-Appellant.

_____

Submitted February 6, 2024 – Decided February 13, 2024

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 16-06-0882.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Andrew Frank Guarini, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Froylan Lopez appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Following a trial, a jury found defendant guilty of first-degree murder, third-degree possession of a knife for an unlawful purpose, and fourth-degree unlawful possession of a knife. After appropriate mergers, the trial judge sentenced defendant to forty years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal. We affirmed defendant's conviction and sentence, and the Supreme Court denied certification. State v. Lopez, No. A-4145-17 (App. Div. Aug. 12, 2019), certif. denied, 240 N.J. 402 (2020).

Defendant filed a timely petition for PCR. Among other things, defendant asserted that his trial attorney provided him with ineffective assistance because she failed to request a jury instruction on passion/provocation manslaughter. Defendant also argued that his attorney should have called "other people in the area on the night of th[e] incident" as witnesses at trial. According to defendant, if his attorney had presented these witnesses, "the jury would have heard that other people in the area encountered the victim and that the victim was stabbed during one of these other encounters."

Following oral argument, the PCR judge rendered a thorough written decision, concluding that defendant did not satisfy the two-prong test of Strickland v.

A-2561-21

Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

As to defendant's contention concerning the lack of a passion/provocation charge, the judge noted that defendant previously

> alleged on direct appeal that the jury should have been instructed as such, and the Appellate Division, after providing a full analysis of the facts compared to the four elements to passion/provocation manslaughter, concluded that "there [] was adequate time for defendant to cool off . . . the record [did] not 'clearly indicate' that there was adequate provocation["] and as such the passion/provocation charge was not required.

Because this court had already determined on direct appeal that a passion/provocation charge was not necessary under the circumstances of this case, the PCR judge determined that defendant was barred by Rule 3:22-5[1] from raising this issue again in a PCR proceeding.[2]

---

[1] Rule 3:22-5 states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

[2] We also note that because this court had already determined that a passion/provocation charge was not required, defendant failed to satisfy the second Strickland prong. Thus, even if defense counsel had requested this charge at the trial, the trial court would not have been required to give it because it was not "rationally based on the evidence." State v. Simms, 369 N.J. Super. 466, 471 (App. Div. 2004).

A-2561-21

The judge also rejected defendant's claim that his attorney was ineffective because she did not call "other people in the area" to testify at the trial. The judge explained his decision as follows:

> [Defendant] provided no further information regarding these "other people" to this [c]ourt in either his brief or oral arguments. This [c]ourt does not have affidavits from these witnesses, the names of these witnesses, the location of the witnesses, or the number of witnesses [defendant] believes to exist. [Defendant] even appears unsure as to how many "other" altercations there were that day where [the] [v]ictim was supposedly stabbed instead. [Defendant] certifies that there was "another event" (singular) in the third paragraph of his [c]ertification and then states [v]ictim was stabbed "during one of these other encounters" (plural) in the following paragraph. Lacking any evidence in support of these bald assertions, [defendant] has failed to establish a prima facie showing that his trial counsel failed in this regard.

On appeal, defendant raises the same arguments he unsuccessfully presented to the Law Division. Defendant contends:

> POINT 1 – DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE FAILURE OF TRIAL COUNSEL TO REQUEST A JURY INSTRUCTION ON PASSION/PROVOCATION MANSLAUGHTER WHEN SUCH AN INSTRUCTION WAS CLEARLY SUPPORTED BY THE FACTS.
>
> POINT II – DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO CALL

4

EYEWITNESSES WHO WERE PRESENT AT THE SCENE.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's

performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the PCR judge's written opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2561-21